injured because of her knowing involvement in a criminal enterprise.

Chief Justice FLAHERTY joins this concurring opinion.

■

**G.C.P. ENTERPRISES, INC., Petitioner,**

v.

**PENNSYLVANIA LIQUOR CONTROL BOARD, Respondent.**

Supreme Court of Pennsylvania.

March 5, 1999.

Martha S. Helmreich, Pittsburgh, for petitioner.

### ORDER

PER CURIAM:

AND NOW, this 5th day of March,1999, the Petition for Allowance of Appeal is GRANTED and the decision of the Commonwealth Court is REVERSED. *See Pennsylvania Liquor Control Board v. Richard E. Craft American Legion Home Corporation,* 553 Pa. 99, 718 A.2d 276 (1998).

■

**Doris YOUNG and Diane Lynch, Administratrix of the Estate of Charles Young, Deceased,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANS-PORTATION**

v.

**Driscoll Construction Company, Inc.**

**Petition of Driscoll Construction Company, Inc.**

Supreme Court of Pennsylvania.

March 5, 1999.

### ORDER

PER CURIAM.

AND NOW, this 5 th day of March 1999, the Petition for Allowance of Appeal is granted limited to the following issue:

Whether the Commonwealth Court erred in holding that expert testimony is not necessary to determine if warning signs should be placed three miles away from a construction site on an interstate highway.

This matter is consolidated for argument with No. 339 E.D. Allocatur Docket 1998.